EDITH H. JONES, Chief Judge,
dissenting:
With due respect, my colleagues have not satisfactorily explained why the findings of the district court concerning the voluntariness of Zavala’s consent to search were clearly erroneous. On the contrary, it seems to me that the entirety of the incident demonstrates courtesy and cooperation between the trooper and Za-vala, rather than imperiousness or implied coercion. In particular, it is not coercive for the trooper to have allowed Zavala to sit in the patrol car during the - extended license check — better to sit than stand at the roadside. Nor is it coercive that Za-vala asked permission to step out of the car. This was a reasonable and cautious approach, matched by the trooper’s agreement with each request. Nor did it enhance the coercion that the trooper mentioned a drug sniff in Zavala’s presence. Appellant had to know they weren’t going to the checkpoint for a coffee klatsch. Finally, had the trooper been truly concerned about the sincerity of Zavala’s consent, I assume he would never have permitted him to drive his own car over twenty miles to the checkpoint. For these reasons, the district court was well within its discretion to make the findings that underlie his legal conclusion that the consent to search was voluntary. I respectfully dissent.